IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONIANNE WILSON                          Case No. 6:14-cv-00162-MA

            Plaintiff,                           OPINION AND ORDER

      v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

            Defendant.

RORY LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308

      Attorney for Plaintiff


S. AMANDA MARSHALL
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

JOHN C. LAMONT
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant


1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Tonianne Wilson seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C §§ 401-403, and application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I affirm the final decision of the Commissioner.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on June 15, 2009, alleging disability beginning September 1, 2000, due to post-operative back issues, pain and nerve problems, and high blood pressure. Plaintiff meets the insured status requirements for a DIB application through December 31, 2005.

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a video hearing on April 19, 2012, at which plaintiff appeared with her attorney and testified. A vocational expert, Jeffrey Tittelfitz, also appeared at the hearing and testified. On June 19, 2012, the ALJ issued a partially-favorable decision. The Appeals Council denied plaintiff's request for review, and therefore, the ALJ's decision

became the final decision of the Commissioner for purposes of review.

Born in 1954, plaintiff was 57 years old on the date of the ALJ's partially favorable decision. Plaintiff has a high school education and training as a dental assistant. Plaintiff has past relevant work as a receptionist, collections clerk, and accounts receivable clerk.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability of September 1, 2000. At step two, as of the alleged onset date of disability, September 1, 2000, the ALJ found that plaintiff had the following severe impairments: failed back syndrome; lumbar stenosis; lumbar spondylosis; right foot drop;

hypertension; arthritis; and obesity. As of the established onset date of disability, August 1, 2008, the ALJ found that plaintiff had an additional severe impairment of cognitive disorder. At step three, the ALJ found that plaintiff's impairment, or combination of impairments, did not meet or medically equal a listed impairment.

Prior to August 1, 2008, the ALJ assessed plaintiff with a residual functional capacity (RFC) to perform less than a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) including six hours of sitting and due to chronic pain, only two hours of standing and walking in an eight-hour workday (with normal breaks). Plaintiff can also lift up to 20 pounds occasionally and up to ten pounds frequently, can frequently climb stairs or ramps, but should avoid climbing ladders, ropes, or scaffolds. Plaintiff can frequently balance, but only occasionally stoop, kneel, crouch, or crawl. Plaintiff must avoid exposure to workplace hazards, such as unprotected heights or dangerous moving machinery, due to the effect of narcotic pain medication.

As of August 1, 2008, the ALJ found that plaintiff's RFC limitations continued with the addition of the following mental limitations. Plaintiff can apply commonsense understanding to carry out detailed, but uninvolved, written or oral instructions. Due to the intrusive effect of plaintiff's chronic pain, however, plaintiff would be off task ten percent of the workday.

At step four, from September 1, 2000 until July 31, 2008, the ALJ found plaintiff is able to perform her past relevant work as a receptionist, collections clerk, and accounts receivable clerk. As of August 1, 2008, the ALJ found that plaintiff is no longer able to perform her past relevant work. At step five, as of August 1, 2008, considering plaintiff's age, education, work experience, and RFC, the ALJ found that there are no jobs that exist in significant numbers in the national economy that plaintiff can perform.

Accordingly, the ALJ concluded that plaintiff has not been under a disability under the Social Security Act from September 1, 2000 until July 31, 2008. The ALJ found that plaintiff has been under a disability under the Social Security Act as of August 1, 2008.

### ISSUES ON REVIEW

On appeal to this court, plaintiff alleges that the ALJ erred at step four in finding that plaintiff can perform her past relevant work.

### STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I.   The ALJ Did Not Err at Step Four

#### A.   Standards

At step four, the claimant has the burden to show she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). However, the ALJ must still provide factual findings to support his step four conclusion. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845. At steps four and five, the ALJ can rely on VE testimony in determining whether

a claimant can perform her past relevant work or other work in the national economy. *See Johnson v. Shalala,* 60 F.3d 1428, 1436 (9th Cir. 1995)(holding that the ALJ properly relied on expert testimony to find claimant could perform two jobs identified by the VE).

Social Security Ruling (SSR) 82-61 describes the tests for determining whether or not a claimant retains the capacity to perform her past relevant work. One of the tests identifies that "where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'" SSR 82-61, *available at* 1982 WL 31387, *1-2. Another test is "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *Id.; See also Pinto,* 249 F.3d at 845.

## B.    Evaluation of Past Work

At the hearing, the ALJ asked the VE to identify plaintiff's past relevant work. The VE classified plaintiff's past relevant work as: receptionist, Dictionary of Occupational Titles (DOT) #237.367-038, sedentary with skill vocational preparation (SVP) of 4; sales clerk DOT #290.477-014, light with SVP of 3; collections clerk DOT #241.357-010, sedentary with SVP of 5; accounts receivable clerk DOT #216.482-010, sedentary with SVP of 5, and repossesser DOT #241.367-022, medium with SVP of 3. Tr. 65. The ALJ

posed a hypothetical to the VE incorporating all of the limitations of the RFC finding. Tr. 66. The VE testified that an individual with these limitations could still perform plaintiff's past relevant work as a receptionist, collections clerk, and accounts receivable clerk.[1] *Id.*

The ALJ found that prior to August 1, 2008, plaintiff is able to perform a reduced range of sedentary work and is able to perform her past relevant work as a receptionist, a collections clerk, and an accounts receivable clerk. Tr. 15, 19. In the decision, the ALJ specifically stated: "in comparing the claimant's residual functional capacity with the physical and mental demands of [her past work], the undersigned finds that the claimant was able to perform [her past relevant work] as actually and generally performed according to the Dictionary of Occupational Titles." Tr. 19.

Plaintiff broadly argues that ALJ failed to adhere to SSR 82-62. Plaintiff contends that the ALJ failed to make specific

---

[1] Plaintiff's current counsel also represented plaintiff at the hearing. At the hearing, plaintiff's counsel failed to raise any objections to the VE's classification of plaintiff's past relevant work as generally performed. As a matter of law, plaintiff waived this issue by failing to raise it at the hearing. *See Meanie v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). Nevertheless, this court addresses plaintiff's arguments on the merits challenging the ALJ's step four finding.

findings regarding the physical and mental demands of plaintiff's past relevant work. I disagree.

SSR 82-62 mandates in relevant part that:

> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of [past relevant work] will contain enough information on past work to permit a decision as to the individual's ability to return to such past work.
>
> * * * * *
>
> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained *as appropriate*.
> SSR 82-62, *available at* 1982 WL 31386, at *3.

Contrary to plaintiff's argument, the ALJ made specific findings with regard to the demands of plaintiff's past relevant work as required by SSR 82-62 at Step Four.[2] The record contained sufficient evidence of the physical and mental demands of plaintiff's past relevant work as a receptionist and collections clerk as she performed it. *See Pinto*, 249 F.3d at 845 (when classifying the claimant's past relevant work as actually performed, the ALJ should consider plaintiff's completed work history report as well as plaintiff's testimony). In a January 20, 2009 Work History Report, plaintiff described the receptionist job as answering and directing customer calls and tracking calls with

---

[2] Plaintiff challenges the ALJ's finding that she can perform her job as an accounts receivable clerk as actually and generally performed. I address this job in the section below.

9 - OPINION AND ORDER

no supervisory duties. Tr. 157. Plaintiff noted that she lifted less than ten pounds frequently and occasionally, walked as much as possible, stood for fifteen minutes, and sat for fifteen minutes. Tr. 157-158. In terms of the collections clerk position, plaintiff noted that the job involved collecting payments from customers, frequent computer work and phone calls; plaintiff further noted that the position required one hour of walking, one hour of standing, and six hours of sitting all in an eight-hour workday. Tr. 159, 168. Plaintiff also noted that she did not lift more than twelve pounds occasionally. *Id.* at 159. As the record shows, plaintiff's descriptions of her past work as a receptionist and collections clerk are not inconsistent with the ALJ's RFC finding.

Moreover, the record indicates that the VE relied on plaintiff's work history report to classify plaintiff's past relevant work as generally performed in the national economy. Tr. 63-64. "The best source for how a job is generally performed is usually the Dictionary of Occupational Titles." *Pinto*, 249 F.3d at 845. At the request of the ALJ, the VE provided testimony of the physical exertion and SVP levels of plaintiff's past relevant work as a collections clerk and receptionist as generally performed in the national economy and confirmed that his testimony is consistent with the DOT. Tr. 19, 65, 71. The exertion and skill levels correspond to the requisite physical and mental demands of plaintiff's past relevant job. *See* 20 C.F.R. §§ 404.1567, 404.1568.

10 - OPINION AND ORDER

The VE also testified that the collections clerk and receptionist jobs do not exceed the ALJ's RFC finding. Tr. 65-66.

Furthermore, plaintiff fails to identify any additional mental and physical demands of her past relevant work that the ALJ failed to consider. Plaintiff does not indicate how her past relevant work is inconsistent with the ALJ's RFC finding. At step four, plaintiff has the burden of showing that she is unable to perform her past relevant work. *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990). In this case, plaintiff has failed to meet this burden. Thus, the ALJ's finding that plaintiff can perform her past work as a receptionist and collections clerk as actually performed and generally performed in the national economy is supported by substantial evidence.

Plaintiff also appears to argue that although the ALJ found that plaintiff had mental impairments that impact her ability to work, the ALJ failed to compare the mental demands of plaintiff's past work with her alleged mental limitations. Plaintiff's argument is meritless.

Although plaintiff alleges mental limitations for the entire period, the ALJ found that the record does not support a severe mental impairment from September 1, 2000 through July 31, 2008. Tr. 14. Similarly, the ALJ only incorporated mental limitations, as supported by the medical record, in the RFC as of August 1, 2008. Tr. 17. To be sure, plaintiff does not challenge the ALJ's

treatment of the medical evidence nor the ALJ's adverse credibility assessment. Nevertheless, I have carefully reviewed the record in its entirety, and conclude that the ALJ's determination is readily supported by substantial evidence in the record. Prior to August 1, 2008, plaintiff's mental limitations were not "medically established," and thus, the ALJ was not required to consider these limitations with respect to the demands of plaintiff's past relevant work. SSR 82-62 at *2; see Magallanes v. Brown, 881 F.2d 747, 756-57 (9th Cir. 1989)(holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).

### 1. Composite Job

Next, plaintiff argues that the ALJ failed to comply with SSR 82-61 in analyzing plaintiff's accounts receivable job, which included repossessor duties once a month. Specifically, plaintiff argues that her past work in accounts receivable is a composite job. I agree with plaintiff that the ALJ erroneously analyzed plaintiff's composite job but conclude that this is not a reversible error.

"Composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case." SSR 82-61. Plaintiff noted that although she primarily performed the accounts receivable job at the sedentary

12 - OPINION AND ORDER

work level, she repossessed heavy furniture once a month, which required lifting 100 pounds. Tr. 168-169. In classifying this job as generally performed in the national economy, the VE divided the accounts receivable position into two separate jobs: accounts receivable clerk and repossesser, which supports the conclusion that plaintiff's accounts receivable position is a composite job.

Because a composite job lacks a counterpart in the DOT, the ALJ should only find that plaintiff can perform a composite job as generally performed if plaintiff is able to perform all of the aspects of the composite job as listed in the DOT. In this case, plaintiff was able to perform the accounts receivable clerk position but could not perform the repossesser position as generally performed. Accordingly, substantial evidence does not support the ALJ's finding that plaintiff can perform the accounts receivable position as generally performed.

Furthermore, because the repossessor task of the accounts receivable job exceeds the ALJ's RFC finding, the ALJ erred in finding that plaintiff can perform the accounts receivable position as actually performed. *See Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)(It is error for the ALJ to classify an occupation "according to the least demanding function.").

However, these errors do not result in reversal of the ALJ's decision. As discussed above, the ALJ's finding that plaintiff can perform her past work as a receptionist and collections clerk as

13 - OPINION AND ORDER

actually and generally performed in the national economy are supported by substantial evidence. Therefore, with respect to the accounts receivable job, the ALJ's errors are harmless. *See Stout,* 454 F.3d at 1055 (an ALJ's error is harmless if it is inconsequential to the ultimate nondisability determination).

Finally, I decline to address plaintiff's argument that she meets the criteria of Medical Vocational Rule 201.14. The Medical Vocational Rules are applied at Step Five and provide a method for determining the availability and numbers of suitable jobs for a claimant. *See Lounsbury V. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006); *Tackett*, 180 F.3d at 1101; 20 C.F.R. § 404.1520. Because the ALJ's Step Four finding is supported by substantial evidence, it is unnecessary to address plaintiff's Step Five argument.[3]

---

[3] The Commissioner concedes that the ALJ's alternative Step Five finding is erroneous. I agree. If the ALJ had proceeded to Step Five, an application of Medical-Vocational Rule 201.14 would have been appropriate as the VE testified to a lack of transferable skills. Tr. 71. However, as previously discussed, substantial evidence supports the ALJ's step four finding. Thus, the alternative step five finding is a harmless error.

**CONCLUSION**

For the reasons stated above, the Commissioner's final decision is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this _29_ day of April, 2015.

*Malcolm F Marsh*
Malcolm F. Marsh
United States District Judge

15 - OPINION AND ORDER